Mr. Justice Clayton
delivered the opinion of the court.
This suit is brought to test the liability of Clifton, on the following state of facts. A tract of land belonging to Grimball was sold under execution by the sheriff of Hinds county, at which Heard became the purchaser for the sum of $1600. On the day after the sale, Clifton wrote to the sheriff, informing him that Heard had transferred his bid to him, requesting that he might be put in the place of Heard, and promising in due time to make the necessary arrangement. The sheriff returned these facts, with the further fact that Clifton had failed to pay the money. A venditioni exponas afterwards issued, under which the land was again sold, when it brought only fifty dollars. The action is *336 brought to recover the difference between the price at the first and at the second sale.
The decision mainly depends upon the legality and binding efficacy of the contract with Clifton. Had it been a transaction between private individuals, touching a private sale of property not under execution, there would seem to be no doubt of the validity of such agreement. But sales under execution stand on a different footing. The sheriff acts only as a minister of the law, in obedience to its mandates, and in execution of the authority which the mandate confers upon him over the property of the debtor. The law makes the sale, through the agency of the sheriff. Tate v. Greenlee, 4 Dev. 151; Watson on Sheriffs, 5 Law Lib. 136.
It is very manifest that the law did. not make this sale to Clifton. Its directions were not pursued. It would very much extend the authority of sheriffs to sanction a sale of this sort. So far as regards Clifton, it was a private arrangement. None of the requisitions of the statute were complied with. The duty of the sheriff is to sell publicly and for cash ; after such a sale, he has no power to substitute another purchaser upon credit. Such agreement created no privity betwefen Clifton and the plaintiff in execution, and therefore gave him no cause of action.
The judgment is affirmed.